(No. 4671 )

WILLIAM CASEY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 26, 1955.*

RALPH T. SMITH AND IRVING M. WISEMAN, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

TOLSON, C. J.

On March 18, 1955, William Casey filed his complaint against the State of Illinois seeking damages in the amount of $53,250.00 for the violation of a state law, to-wit: Ill. Rev. Stats., 1874, March 27, R.S. 1874, P. 348, Div. 13, Sec. 4, which was in full force and effect at the original time of sentence, namely, February 28, 1927, and which provided in part as follows:

"In cases where the party pleads "guilty" such plea shall not be entered until the court shall have fully explained to the accused the consequence of entering such plea; after which, if the party persists in pleading "guilty", such plea shall be received and recorded, and the court shall proceed to render

judgment and execute thereon as if he had been found guilty by a jury. In all cases where the court possesses any discretion as to the extent of the punishment it shall be the duty of the court to examine witnesses as to the aggravation and mitigation of the offenses."

Thereafter, on June 7, 1955, respondent filed a motion to dismiss the complaint for the reason that there can be no recovery against the State of Illinois for a wrongful incarceration. On June 18, 1955, claimant filed objections to the motion to strike, alleging that the complaint was not based on a charge of wrongful incarceration, but rather upon the violation of the state law above set forth, and that the Court of Claims Act, Sec. 8A,

"The Court shall have jurisdiction to hear and determine: A. All claims against the state found upon any law of the State of Illinois***."

established his right to sue.

Considering the complaint in its most favorable light, it appears that on February 28, 1927, claimant was sentenced to the Illinois State Reformatory upon his plea of guilty. It further appears that complainant was not admonished of the consequence of his plea of guilty, but was peremptorily sentenced. It further appears that on December 16, 1954, complainant was released by a writ of habeas corpus for the reason that the trial court had failed to comply with the statute. Claimant served 21 years and 118 days under an improper order of conviction.

Prior to 1945, there was little doubt but what the State of Illinois was not liable to any person, who was wrongfully incarcerated. Since the amendment of 1945, several cases have been filed alleging different theories of liability, and this Court has denied recovery in each case for want of jurisdiction.

This Court in the case of *Montgomery* vs. *State*, 21 C.C.R. 205, answered the precise point raised by pleadings in the instant case:

"Claimant does not predicate his claim under Sec. 8C of the Court of Claims Act, but under Sec. 8A. The question before the Court to decide is: "Does this Court have jurisdiction to determine whether the conviction was unlawful, and to award damages if it finds the conviction unlawful?"

The first question is whether there is any law in this state upon which such a cause of action could be maintained, if the state were suable. There is no constitutional provision or statute authorizing such a suit. This Court has previously held that it could only recommend an award where the state would be liable in law or in equity in a court of general jurisdiction, if it were suable. (*Crabtree* vs. *State*, 7 C.C.R. 207; *Durrett* vs. *State*, 12 C.C.R. 384) While it is true that Article II, Sec. 19 of the Illinois Constitution, provides that every person ought to find a remedy in the law for all injuries and wrongs to his person, property or reputation, the same Constitution also provides under Article IV, Sec. 26, that the state can never be made a party defendant in any court of law. It, therefore, follows that for this Court to have jurisdiction, the Legislature, by express provision, should have created an act providing for such a remedy."

The law mentioned by claimant establishes the necessary requirements for a legal order of conviction, but it does not establish a remedy for breach. It does not clothe this Court with authority to award damages.

Counsel argues that this complaint is not based on a charge of "wrongful incarceration", but is based on a violation of a statute. Whether the complaint be phrased in the wording of "false imprisonment" or "violation of a statute", the gist of the offense is "wrongful incarceration".

It is to be noted that the judge, who made the error, is not liable.

Vol. 35—C.J.S. page 569

"It is the general rule that a judicial officer is not liable for a false arrest or detention arising out of acts done in his judicial capacity where there is not a clear absence of all jurisdiction over the subject matter and person, even though such acts constitute an excessive or erroneous exercise of jurisdiction or involve a decision that the officer had jurisdiction over the particular case where in fact he had none. Cases cited.

Once a judicial officer acquires jurisdiction, his subsequent acts are considered judicial for which he incurs no liability. Cases cited.

A judicial officer is not liable for his erroneous decision, although his decision involves an error of law or of fact. Cases cited.

Our Supreme Court stated in the case of *In Re McGarry*, 380 Ill. 359.

"In the performance of his judicial acts it has been uniformly held that no action can be maintained against a judge for errors of judgment committed in the execution thereof. This principle is said to be as old as the common law. It rests upon consideration of public policy, its purpose being to preserve the integrity and independence of the judiciary, and to insure the judges will act on their own free, unbiased convictions, uninfluenced by any apprehension of consequences."

To hold that the trial judge, who committed the error, is not answerable for damages, but that the state is liable, would be a legal absurdity.

The motion to strike the complaint will be allowed.